IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1066-NJR-PMF |
| | ) |
| ACUTE CARE, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER OF DISMISSAL

**ROSENSTENGEL, District Judge:**

Plaintiff Judy James filed a negligence suit stemming from a slip and fall against Defendant Acute Care, Inc., in state court in Franklin County, Illinois. Defendant removed the case to this Court on September 25, 2015, based on diversity jurisdiction (Doc. 1). After the case was removed, Plaintiff's attorney filed a motion to withdraw due to a conflict of interest (Doc. 7). The following day, Defendant filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiff's claim was barred by the statute of limitations (Doc. 8). Magistrate Judge Philip Frazier granted counsel's motion to dismiss and instructed Plaintiff to either have new counsel enter an appearance on her behalf or notify the Court that she would be proceeding *pro se* by October 30, 2015 (Doc. 10).

The deadline came and went, and the Court heard nothing from Plaintiff. She also failed to respond to Defendant's motion to dismiss by the deadline of November 30, 2015

(*see* Doc. 10). Because the Court had not heard from Plaintiff, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's Order and failure to prosecute (Doc. 11). Plaintiff was warned that her case would be dismissed if she did not respond by January 8, 2016 (Doc. 11). Once again, the deadline passed without a word from Plaintiff.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). If a party fails to litigate its claims or otherwise abide by the court's orders, the court has the inherent authority to *sua sponte* dismiss the matter. *Id.; O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Plaintiff has failed to respond to either the undersigned's Order to Show Cause or to Magistrate Judge Frazier's Order, and she has not otherwise contacted the Court in the three months since her attorney withdrew. Accordingly, the Court is convinced that dismissal is an appropriate action.

The Court **ORDERS** this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

IT IS SO ORDERED.

DATED: January 13, 2016

*[signature]*

NANCY J. ROSENSTENGEL
United States District Judge